```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


SABIR HAKEEM LYNARD,            :
                                :   Civil Action No. 10-6771 (NLH)
            Plaintiff,          :
                                :
      v.                        :   MEMORANDUM AND ORDER
                                :
RAYMOND C. SKRADZINSKI,         :
et al.,                         :
                                :
            Defendants.         :   CLOSED
```

Plaintiff Sabir Hakeem Lynard, a prisoner confined at Salem County Corrections Facility, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain

this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the

2

filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  **Plaintiff's institutional account statement did not reflect the required six-month time period and was not certified by an Authorized Officer of the Institution as required by 28 U.S.C. § 1915(a)(2).**

IT IS THEREFORE on this    3rd    day of January  , 2011,

ORDERED that the application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application, for use by a prisoner, to Proceed In Forma Pauperis in a Civil Rights Case; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence and six-month prison account statement, **certified by the appropriate official of each prison at which the prisoner is or was confined,** or (2) the $350 filing fee; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

At Camden, New Jersey  /s/ NOEL L. HILLMAN
Noel L. Hillman
United States District Judge